UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN L. WALLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:18-CV-451 JMB ) |
| TROY STEELE, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

On June 1, 2012, petitioner pled guilty to felony theft/stealing a controlled substance in violation of Section 570.030 of the Missouri Revised Statutes. *See State v. Walley*, No. 12PR-CR00061-01 (32nd Judicial Circuit, Perry County Court). The Circuit Court for Perry County sentenced petitioner to seven (7) years' imprisonment on that same date. Petitioner did not file a direct appeal.

On October 16, 2017, petitioner filed a post-conviction motion to vacate his sentence pursuant to Missouri Supreme Court Rule 24.035. *See Walley v. State*, No. 17PR-CC00053 (32nd Judicial Circuit, Perry County Court). The motion was denied as untimely on February 6, 2018.

Petitioner placed his application for writ of habeas corpus in the prison mailing system at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") on March 20, 2018. And it was received by this Court on March 23, 2018.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because petitioner failed to file a timely appeal or post-conviction motion, his period of limitations under §2244 expired one year and ten (10) days after his judgment was entered on June 1, 2012. *See* Mo. R. Civ. P. § 81.04(a).

Therefore, the instant petition has been filed approximately four and a half years after petitioner's state court judgment of conviction became final on June 11, 2013. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred.[1]

---

[1] "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390

2

*See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 3rd day of April, 2018.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

3