UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN LEE WALLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18-CV-451 JMB |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

### Petition

On June 1, 2012, petitioner pled guilty to felony theft/stealing a controlled substance in violation of Section 570.030 of the Missouri Revised Statutes. *See State v. Walley*, No. 12PR-CR00061-01 (32nd Judicial Circuit, Perry County Court). The Circuit Court for Perry County sentenced petitioner to seven (7) years' imprisonment on that same date. Petitioner did not file a direct appeal.

On October 16, 2017, petitioner filed a post-conviction motion to vacate his sentence pursuant to Missouri Supreme Court Rule 24.035. *See Walley v. State*, No. 17PR-CC00053 (32nd Judicial Circuit, Perry County Court). The motion was denied as untimely on February 6, 2018.

---

[1] On April 3, 2018, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

1

Petitioner placed his application for writ of habeas corpus in the prison mailing system at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") on March 20, 2018. And it was received by this Court on March 23, 2018.

**Discussion**

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Because petitioner failed to file a timely appeal or post-conviction motion, his period of limitations under §2244 expired one year and ten (10) days after his judgment was entered on June 1, 2012. *See* Mo. R. Civ. P. § 81.04(a). Petitioner's application for habeas corpus was filed more than four and a half years after the statute of limitations expired in this matter, on June 11, 2013.

In his response to the Order to Show Cause, petitioner asserts that he lacked the legal knowledge and legal resources to properly exhaust his state court remedies in a timely fashion. It appears that petitioner is seeking the benefit of equitable tolling in this matter.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented

prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Unfortunately, petitioner's vague assertions regarding his lack of legal knowledge and his lack of legal resources is not sufficient to allow for equitable tolling of the statute of limitations. Additionally, petitioner's assertion in his petition that he had faulty legal assistance, does not, by itself, warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 18th day of April, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3